STANLEY CLARKE, as Trustee of Associated Gas and Electric Company, Respondent, *v.* PUBLIC NATIONAL BANK AND TRUST COMPANY OF THE CITY OF NEW YORK, Appellant.

Submitted June 16, 1942; decided July 29, 1942.

The following questions were certified:

" 1. Is an Assistant Cashier, who is an officer of a national banking association, as a matter of law, a person prescribed by Section 228, subdivision 8, of the Civil Practice Act, as one to whom a copy of the summons might be delivered?

" 2. If question No. 1 be answered in the negative, may jurisdiction be acquired over a domestic corporation by delivery of a copy of the summons to a person not one of those prescribed in

Section 228, subdivision 8, of the Civil Practice Act, who, however, was authorized by the corporation to receive service on its behalf?

"3. If question No. 1 be answered in the negative, can a domestic corporation be estopped from asserting that a person to whom a copy of the summons was delivered was not a person prescribed in Civil Practice Act Section 228, subdivision 8?

"4. Should the defendant's motion to vacate and set aside the service of summons herein have been granted?"

*Alfred W. Bressler* and *Henry Schneider*, for appellant. An assistant cashier of defendant bank was not a proper person within the requirements of the Civil Practice Act upon whom service could be made on defendant's behalf. Therefore the service was void, even though defendant thereby received the summons. (*Baker* v. *New York Central R. R. Co.*, 258 App. Div. 854; *Eisenhofer* v. *New Yorker Zeitung Pub. & Printing Co.*, 91 App. Div. 94; *Van Damm* v. *New York Central Storage Co.*, 132 N. Y. Supp. 394; *Winslow* v. *Staten Island R. T. R. R. Co.*, 51 Hun, 298; *Taylor* v. *Granite State Provident Assn.*, 136 N. Y. 343; *Kramer* v. *Buffalo Union Furnace Co.*, 132 App. Div. 415; 196 N. Y. 532; *Hewitt* v. *Canadian Pacific Ry. Co.*, 124 Misc. Rep. 186; 212 App. Div. 815.) There is no evidence of any authority in said cashier to accept service or of facts estopping the bank from contesting such service. (*Cowenhoven* v. *Ball*, 118 N. Y. 231; *Kramer* v. *Buffalo Union Furnace Co.*, 132 App. Div. 415; 196 N. Y. 532; *Van Damm* v. *New York Central Storage Co.*, 132 N. Y. Supp. 394; *Winslow* v. *Staten Island R. T. R. R. Co.*, 51 Hun, 298; *Vitola* v. *Bee Publishing Co.*, 66 App. Div. 582.) Valid service may not be made upon a domestic corporation by delivery of a copy of the summons to a person not specified in section 228 of the Civil Practice Act even though such person were authorized to accept service; nor may jurisdiction be acquired on any theory of estoppel by an invalid service promptly repudiated. (*Rosenthal* v. *United Transportation Co.*, 196 App. Div. 540.)

*Samuel J. Silverman* and *Stanley Clarke* for respondent. The officer served was a cashier or a managing agent within the meaning of subdivision 8 of section 228 of the Civil Practice Act. (*Palmer* v. *Pennsylvania Co.*, 35 Hun, 369; 99 N. Y. 679; *Goetz* v. *Interlake S. S. Co.*, 47 Fed. Rep. [2d] 753; *Coler* v. *Pittsburgh Bridge Co.*, 146 N. Y. 281; *Westervelt* v. *Mohrenstecher*, 76 Fed. Rep. 118;

*Copeland* v. *Melrose National Bank,* 229 App. Div. 311; 254 N. Y. 632; *Case* v. *First National Bank,* 59 Misc. Rep. 269; *Wells* v. *Southern Minn. Ry. Co.,* 1 Fed. Rep. 270; *People ex rel. Throop* v. *Langdon,* 40 Mich. 673.) The bank is estopped from contesting the validity of the service both because the officer served was authorized by the bank to receive service and because the bank represented that he was the proper officer to be served. (*Amy* v. *Watertown,* 130 U. S. 301; *Ange* v. *General Crushed Stone Co.,* 262 App. Div. 553; *Krause* v. *Krause,* 282 N. Y. 355; *Davis* v. *Wakelee,* 38 Fed. Rep. 878; 156 U. S. 680; *Underhill* v. *Schenck,* 205 App. Div. 182; *Olsen* v. *Jacklowitz,* 247 App. Div. 753.)

PER CURIAM. An assistant cashier is not one of the persons named in subdivision 8 of section 228 of the Civil Practice Act, upon whom a copy of a summons may be served. Nor is an assistant cashier, who is an officer of a national banking association, a "managing agent," within the meaning of the statute, unless he is vested with the broad powers of a managing agent. In this case the assistant cashier had no such powers.

The evidence is insufficient to show that the bank had authorized its assistant cashiers to receive service of process, though in some earlier cases to which this plaintiff was not a party the bank failed to challenge the jurisdiction of the court where the summons was delivered to an assistant cashier. Nor is there any evidence which would sustain a finding that the bank had given the assistant cashier to whom the summons was in this case delivered apparent authority to receive delivery of a summons, or that any representation, express or implied, was made by the bank upon which a finding of estoppel could be based.

For these reasons the motion to vacate the service of summons should have been granted.

The orders should be reversed with costs in all courts and the motion to vacate service of the summons granted. Question No. 1 should be answered in the negative, and question No. 4 in the affirmative. We do not answer questions Nos. 2 and 3. They are academic upon this record.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Orders reversed, etc.